**Opinion issued August 21, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00467-CR

———————————

**TONY A. HERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 1341841**

## MEMORANDUM OPINION

Tony A. Hernandez was charged with aggravated assault with a deadly weapon,[1] enhanced with two prior felony convictions for aggravated assault with a

---

[1] A person commits the offense of aggravated assault with a deadly weapon if the person intentionally or knowingly causes bodily injury to another and uses or

deadly weapon and felon in possession of a firearm. The jury found appellant guilty and assessed his punishment at thirty years' confinement in the Texas Department of Criminal Justice (TDCJ), Institutional Division. In a single issue, appellant argues that the trial court erred by admitting evidence of five of his prior convictions when he testified on his own behalf. We affirm.

## Background

The complainant, Gabriel Benitez, and his girlfriend boarded a Metro bus late one night with appellant and a mutual acquaintance named Manny. Several minutes into the bus ride, and while Benitez was cuddling with his girlfriend, appellant jumped up and stabbed Benitez in the shoulder once and then several more times in Benitez's back. The whole encounter was captured on the bus's video surveillance camera. Appellant was arrested on the bus without incident. When questioned about the assault, appellant told an officer, "I felt disrespected and I did stab the gentleman and I felt a burning sensation in my side and anal area."

Appellant, the only defense witness to take the stand, testified on direct examination that he, Benitez, and Manny all knew each other from their time at a local homeless shelter and that he and the other two men were planning to steal a car that evening. Appellant also testified that he was anxious about the group's

exhibits a deadly weapon during the commission of the assault. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), 22.02(a)(2) (West 2011 & Supp. 2013).

2

plan to steal a car because he had just been released from the Texas Department of Corrections five days earlier after serving a five-year sentence for an undisclosed offense. According to appellant, Benitez gave him some "synthetic weed" before they got on the bus to help calm his nerves, but the drug apparently had the opposite effect. Although he acknowledged that he stabbed Benitez with a knife, as depicted on the bus's surveillance video, he testified that the weed apparently caused him to black out because he did not remember stabbing Benitez.

**Admission of Prior Felony Convictions**

Appellant contends that the trial court erred by allowing the State to impeach him on cross-examination with the following five prior convictions: (1) aggravated assault with a deadly weapon (November 6, 1997); (2) unauthorized use of a motor vehicle (November 6, 1997); (3) felon in possession of firearm (January 10, 2000); (4) aggravated assault with a deadly weapon (October 25, 2000); and (5) felon in possession of firearm (April 10, 2007).

Assuming, without deciding, that the admission of these prior convictions was error, we must now determine whether the error was harmful. An appellate court may not reverse based on the erroneous admission of evidence if the court, after examining the record as a whole, has fair assurance that the error did not have a substantial and injurious effect or influence in determining the jury's verdict. *See* TEX. R. APP. P. 44.2(b); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App.

3

1998) (stating erroneous admission of evidence subject to non-constitutional error analysis as set forth in Texas Rule of Appellate Procedure 44.2(b)).

Here, appellant admitted that he stabbed Benitez with a knife, as shown on the surveillance video, and that video was admitted into evidence and published to the jury. Appellant's sole defense was that he lacked the requisite mental state (i.e., he did not stab Benitez knowingly or intentionally) because the synthetic weed he smoked prior to getting on the bus caused him to black out immediately prior to and during the stabbing. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), 22.02(a)(2) (West 2011 & Supp. 2013) (providing person commits offense of aggravated assault with a deadly weapon if person intentionally or knowingly causes bodily injury to another and uses or exhibits a deadly weapon during commission of assault). Appellant, however, admitted that he smoked the synthetic weed of his own volition, and voluntary intoxication is not a defense to the commission of a crime. TEX. PENAL CODE ANN. § 8.04(a) (West 2011). We further note that, in addition to the overwhelming evidence of guilt in this case, appellant also testified on direct examination about his prior criminal history (i.e., that he had been released from TDCJ after serving a five-year sentence for an undisclosed criminal offense only five days before he stabbed Benitez).

In light of these factors, and after examining the record as a whole, we have fair assurance that any error in admitting appellant's prior convictions for

4

impeachment purposes did not have a substantial and injurious effect or influence in determining the jury's verdict of guilt in this case.

We overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.


Jim Sharp
Justice


Panel consists of Justices Keyes, Sharp, and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).